UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| In re: : | |
| : | |
| **NGOZI ONYEWU** : | |
| : | **Case No.: 24-18698** |
| : | **Chapter 13** |
| ****************************************: | |
| **NGOZI ONYWU** : | |
|     **Movants** : | |
| : | |
| v. : | |
| : | |
| **GULF HARBOUR INVESTMENTS** : | |
| **CORPORATION** : | |
| : | |
|     **Respondent** : | |
| *************************************** | |

## MOTION TO AVOID LIEN PURSUANT TO 11 USC §506

**COMES NOW**, Debtor, Ngozi Onyewu, by and through Charles C. Iweanoge, and THE IWEANOGES FIRM, P.C., moves this Honorable Court for the avoidance of junior lien of Gulf Harbour Investments Corporation on Debtor's property and states the following:

1. The Court has jurisdiction pursuant to 28 USC §1334, 11 USC §506(a) 7 (d), and 11 USC §1322(b)(2).

2. This action is a core proceeding over which the Court has jurisdiction pursuant to 28 USC §157(b).

3. The Movant is a resident of Prince George's County, Maryland, and owner of certain real property located at 9901 Cranapple Court, Springdale, Maryland 20774. See Exhibit 1: Deed.

4. A First Deed of Trust in favor of The Bank of New York Mellon was recorded in the Land Record of Prince George's County, Maryland. Exhibit 2: Deed of Trust First Mortgage.

5. At the time of filing this Chapter 13 Bankruptcy, the balance owed on the first deed of trust was $355,279.07. See Exhibit 3: Proof of Claim.

6. A second Deed of Trust in favor of The Bank of New York Mellon in the amount of $70,000.00 was recorded in the Land Records of Prince George's County, Maryland. See Exhibit 4: Second Deed of Trust.

7. The current creditor, Gulf Harbour Investments Corporation, has filed a proof of claim in the amount of $225,458.11. See Exhibit 5: Proof of Claim.

8. The estimated property value is $332,270.00 based on the tax-assessed value. See Exhibits 6: SDAT Online Report.

9. The second lien of Bank of America is modifiable pursuant to 11 USC §1322 and the second lien is wholly unsecured pursuant to 11 USC §506(a).

10. There exists no equity in the property above what is needed to pay off the first Deed of Trust obligation, as is evidenced by the values in Exhibits 1.

11. The claim of Bank of America is entirely unsecured under 11 USC §506(a) & (d); therefore, the Respondent's recorded second mortgage lien must be avoided and removed from the District of Columbia Recorder of Deeds.

| | |
|---|---|
| **Market Value of Property** | **$332,270.00** |
| **Creditor One – First Lien (Bank of NY)** | **$355,279.07** |
| **Creditor Two – Second Lien (Shellpoint)** | **$225,761.03** |

The value of the first lien is greater than the property's market value. Therefore, the Respondent Creditor's second lien deed of trust valued at **225,761.03** is wholly unsecured.

WHEREFORE, Movant prays

A. That the Court hold a valuation hearing to determine the status of Respondent's claim pursuant to 11 USC §506(a) & (d);

B. That the Court classify the claim of Respondent as wholly unsecured;

C. That once the claim is determined to be fully unsecured, that the second lien of the Respondent be avoided, thus requiring the Respondent to withdraw its lien recorded in the District of Columbia Recorder of Deeds;

D. For such other and further relief as the nature of their cause requires and the Court deems just and proper.

                                                                 Respectfully Submitted,

THE IWEANOGES FIRM, P.C.        Ngozi Onyewu
                                                  Debtor by Counsel

By: /s/CharlesCIweanoge_____
    Charles C. Iweanoge (USDC #14576)
    IWEANOGE LAW CENTER
    1026 Monroe Street, NE
    Washington, DC 20017
    Phone:  (202) 347-7026
    Fax:     (202) 347-7108
    Email:   cci@iweanogesfirm.com
    Attorneys for Debtor